**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TERRANCE MOORE,                                                                          PLAINTIFF
ADC #105735

v.                                            5:12CV00347-BSM-JJV

JOHN H. SPEARS; *et al.*                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District

Brian S. Miller. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.

If the objection is to a factual finding, specifically identify that finding and the evidence that

supports your objection.  An original and one copy of your objections must be received in the

office of the United States District Court Clerk no later than fourteen (14) days from the date

of the findings and recommendations.  The copy will be furnished to the opposing party.

Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a new hearing for this purpose before either the District

Judge or Magistrate Judge, you must, at the time you file your written objections, include the

following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is

granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Terrance Moore, is an inmate in the Varner Unit of the Arkansas Department of Correction (ADC).  He filed a Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his due process and equal protection rights when he was denied general population status.  Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 4.)  After careful review, the Court finds the Motion to Dismiss should be GRANTED and the Complaint should be DISMISSED for failure to state a claim on which relief may be granted.

## I.     BACKGROUND

On January 26, 2012, following a threat on the life of Warden Joe Page, Plaintiff was issued a major disciplinary by Major John Spears.  (Doc. No. 1 at 2.)  The disciplinary charged Plaintiff with "a) failure to obey written or verbal orders of staff; b) assault by way

of a threat to inflict injury upon staff; c) banding with another to commit an assault and

battery; and d) aiding or abetting in commission of a rule violation." (*Id.*)  As a result,

Plaintiff was placed in administrative segregation on February 15, 2012.  (Doc. No. 5 at 2.)

When he filed this action he had been in administrative segregation for seven months.  (*Id.*)

## II.    STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain

statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556

U.S. 662, 677-78 (2009); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  While specific facts

are not necessary, a pleading that offers only "labels and conclusions" or "a formulaic

recitations of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Benton v. Merrill Lynch

& Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).  In order to meet the Rule 8(a) standard and

survive a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint must

"state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell

Atlantic*, 550 U. S. at 570); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir.

2009).

A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U.S. at 556); *Ritchie v. St. Louis Jewish

Light*, 630 F.3d 713, 716 (8th Cir. 2011).  The plausibility standard is not akin to a

"probability requirement," but it asks for more than a sheer possibility that a defendant has

acted unlawfully. *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U. S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 570).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.  *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Erickson*, 551 U.S. at 93-94; *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).  The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.  *Braden*, 588 F.3d at 594.  In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## III.    ANALYSIS

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996).  Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Official Capacity Claims

Plaintiff is suing the Defendants in their individual and official capacities.  Defendants argue that the official capacity claims for monetary damages are barred by the doctrine of sovereign immunity.  The Eleventh Amendment bars suits against states for monetary damages. *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Dakota, Minnesota & Eastern R.R. Corp. v. S. D.*, 362 F.3d 512, 516 (8th Cir. 2004); *Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996).  Section 1983 does not override Eleventh Amendment immunity. *Hadley*, 76 F.3d at 1438.  A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the state. *See Printz v. U.S.*, 521 U.S. 898, 930 (1997); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  The

5

Eleventh Amendment has, thus, been construed to also prohibit § 1983 suits seeking monetary damages from a state official in his or her official capacity. *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). Plaintiff's claims for monetary damages from Defendants in their official capacities are, therefore, barred and should be DISMISSED.

### B.    Due Process

The Due Process Clause protects an individual's life, liberty, and property interests. *See McIntyre Mach., Ltd. v. Nicastro*, _ U.S. _, 131 S.Ct. 2780, 2786 (2011); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). It is well settled that prison inmates do not have a constitutional right to remain in the general prison population. *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993); *Williams v. Armontrout*, 852 F.2d 377, 378 (8th Cir. 1988).

In the administrative segregation context, the determination of whether prison official have denied an inmate due process involves a two-step inquiry. *Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011). The inmate must first demonstrate that he was deprived of life, liberty or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Plaintiff has not allege that he was deprived of life or property. To sustain his due process claim, Plaintiff must identify a liberty interest. (*Id.* at 847.) In order to establish the deprivation of a protected liberty interest, the prisoner must show that he was exposed to conditions that imposed atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010).

Plaintiff asserts that his confinement in administrative segregation constitutes an

atypical and significant hardship when the restrictions imposed on him regarding visitation and communication are considered.  It is well settled that a demotion to segregation status, even without cause, is not itself, an atypical and significant hardship.  *Orr*, 610 F.3d at 1034; *Phillips*, 320 F.3d at 847.   Furthermore, the United States Court of Appeals for the Eighth Circuit has held that periods of segregation that were significantly longer than Plaintiff's do not constitute atypical and significant hardships.[1]  As to any limitations placed on Plaintiff's visitation, phone or mail privileges as a result of his confinement in administrative segregation, it is well settled that such limitations do not constitute an atypical and significant hardship.  *See Phillips*, 320 F.3d at 847 (prisoners do not have a liberty interest in visitation); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 (8th Cir. 1996) (thirty days in punitive isolation and restrictions on mail, telephone, visitation, commissary and personal possession privileges).

In his Response to the Motion (Doc. No. 7), Plaintiff also asserts that ADC prison regulations create a liberty interest.  There is no federal constitutional liberty interest in having prison officials follow prison regulations.  *Phillips*, 320 F.3d at 847; *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

---

[1] *See Orr*, 610 F.3d at 1034 (nine months in administrative segregation did not constitute an atypical and significant hardship); *Howard v. Collins*, 129 F.3d 121, 1997 WL 710314, at *1 (8th Cir. 1997) (unpublished) (per curiam) (holding eight months in administrative segregation does not constitute an atypical and significant hardship) ; *Hemphill v. Delo*, 124 F.3d 208, 1997 WL 581079, at *2 (8th Cir. 1997) (unpublished) (per curiam) (holding 290 days in administrative segregation does not constitute an atypical and significant hardship).

The Court finds that Plaintiff fails to plead sufficient facts establishing that he has a protected liberty interest that would entitle him to the protections of the Due Process Clause. Plaintiff's due process claim should, therefore, be DISMISSED for failure to state a claim upon which relief may be granted.

### C.    Equal Protection

Plaintiff asserts that his placement in administrative segregation has deprived him of his right to equal protection under the law.  "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently and that this difference in treatment bears no rational relation to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998);  *Hosna v. Groose*, 80 F.3d 298, 304 (8th Cir. 1996). Dissimilar treatment of dissimilarly situated persons does not violate equal protection. *Klinger v. Dep't of Corrs.*, 31 F.3d 727, 731 (8th Cir. 1994).  Absent a showing that he is similarly situated to those who allegedly received favorable treatment, Plaintiff does not have a viable equal protection claim. *See id.*  Plaintiff fails to identify a class of inmates to whom he is similarly situated.  He, therefore, fails to state a viable equal protection claim and his equal protection claim should be DISMISSED.

### D.    Eighth Amendment

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v.*

*Brennan*, 511 U.S. 825, 832 (1994) (internal quotations omitted). A prison official violates the Eighth Amendment when two conditions are met: (1) the deprivation alleged is sufficiently serious such that the prison official's act or omission results in the denial of the minimal civilized measures of life's necessities; and (2) the prison official acts with deliberate indifference, *i.e.*, he knows of an disregards an excessive risk to inmate health and safety. *Brown v. Nix*, 33 F.3d 951, 955 (8th Cir. 1994). Absent a showing that the prison officials consciously understood that prison conditions created such an excessive risk, the conditions are not a punishment within the meaning of the Eighth Amendment. *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (internal quotations omitted).

Plaintiff does not challenge the conditions of his confinement while in administrative segregation. Instead, he asserts that his placement in administrative segregation, in and of itself, is cruel and unusual punishment. The mere placement of a prisoner in administrative segregation is not considered cruel and unusual punishment. *See Jones v. Mabry*, 723 F.2d 590, 594-95 (8th Cir. 1983); *Burns v. Swenson*, 430 F.2d 771, 777 (8th Cir. 1970). As for the duration of Plaintiff's segregation, the Court of Appeals for the Eighth Circuit has held that an inmate sentenced to nine years in administrative segregation fails to implicate the Eighth Amendment. *Brown v. Nix*, 33 F.3d 951, 955 (8th Cir. 1994).

After accepting the factual allegations in Plaintiff's Complaint as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that he fails plead sufficient facts to suggest a violation of his Eighth Amendment rights. Plaintiff's Eighth Amendment claim should also be DISMISSED for failure to state a claim upon which relief may be

granted.

### E.    Respondeat Superior

To the extent that Plaintiff seeks to hold Warden Page liable on a theory of respondeat superior liability, his claim against Warden Page would still be subject to dismissal.  To state a claim under § 1983, a plaintiff must plead that each defendant, through the defendant's own actions, violated the Constitution.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). A prison official may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory.  *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).  A cause of action predicated on a prison official's failure to supervise or control his subordinates may be maintained only if the plaintiff can demonstrate that the official acted with deliberate indifference or tacitly authorized the offensive act.  *White*, 21 F.3d at 280. Likewise, supervisory liability for a pervasive and unreasonable risk of harm from a specified source must be based on deliberate indifference or tacit authorization.  *Id.*

## V.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion to Dismiss (Doc. No. 4) should be GRANTED and Plaintiff's Complaint (Doc. No. 1) should be DISMISSED for failure to state a claim on which relief may be granted.

2.    Dismissal of the Complaint should constitute a "strike" within the meaning of

the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting these recommendations, and the accompanying judgment, would not be taken in good faith.

DATED this 8th day of March, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).